**IN RE MARTIN**

[345 N.C. 167 (1996)]

IN RE: INQUIRY CONCERNING A JUDGE, No. 191 JAMES E. MARTIN, Respondent

No. 349A96

(Filed 6 December 1996)

**Judges, Justices, and Magistrates § 35 (NCI4th)— district court judge—arrest and bond hearing—censure recommendation rejected**

An order recommending censure of a district court judge was rejected where a defendant was charged with misdemeanor DWI and released on bond; the police decided that the offense was a felony and issued a new warrant that would have required rearrest; the defendant's employer contacted respondent and expressed his concern that the matter be handled in a manner that would allow the defendant to continue working; respondent suggested that the defendant and the employer come to his courtroom at a particular time and requested that the officer who was to serve the warrant, his supervisor, and the assistant district attorney be present; respondent indicated in the meeting that he wanted to have the arrest warrant served immediately and proposed to conduct bond proceedings himself rather than in accordance with normal arrest procedures; he also stated that he would simply continue the bond previously posted; the assistant district attorney objected; respondent suggested that they meet later in the day because they could not agree on how to proceed; the assistant district attorney went to the district attorney, who spoke with defendant's attorney; they agreed that the arrest should be handled with normal intake procedures; the district attorney told respondent of the agreement and respondent supported the decision; and the defendant was taken to the magistrate and released on a recognizance bond on his earlier posted bond. Although *ex parte* communications and the voluntary injection of judicial officials into cases not properly before them are not approved, the respondent here appeared to act in good faith, acted openly with full disclosure to all parties, and upon objection did not see his initial course to fruition. His actions do not rise to the level constituting conduct prejudicial to the administration of justice.

This matter is before the Court upon a recommendation by the Judicial Standards Commission (Commission), entered 30 July 1996, that Judge James E. Martin, a Judge of the General Court of Justice,

District Court Division, Three-A Judicial District of the State of North Carolina, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of Canons 2A, 2B, and 3A(4) of the North Carolina Code of Judicial Conduct. Calendared in the Supreme Court 15 November 1996.

*No counsel for Judicial Standards Commission or for respondent.*

ORDER REJECTING CENSURE.

After reviewing the evidence adduced at the hearing before the Commission, this Court concludes that respondent's conduct that is in question may be described as follows.

The respondent was contacted by Elmer Heath, the employer of Joseph Reiger. Reiger was the defendant in the case of *State v. Joseph Richard Reiger*, Pitt County file number 94CR20681. Reiger had been charged initially with misdemeanor DWI and had been released on bond. Subsequently, the Greenville Police decided that the offense was a felony and issued a new warrant that would have required Reiger's rearrest. Heath expressed to the respondent his concern that the matter be handled in such a manner as to allow Reiger to continue working.

As a result of this conversation, the respondent suggested that Heath and Reiger come to his courtroom on 9 September 1994 around noon. On the morning of 9 September, the respondent contacted the Greenville Police Department and requested that Officer "Bobby" Wyrick, who was to serve the arrest warrant, and Officer Edward Haddock, Wyrick's supervisor and custodian of the arrest warrant, come to the respondent's chambers. The respondent also requested that Assistant District Attorney Mary Dee Carraway be present for the meeting.

During this meeting, and in the presence of all of the above-named individuals, the respondent indicated that he desired to have Reiger served with the arrest warrant immediately. The respondent proposed to conduct bond proceedings himself rather than having Reiger taken before a magistrate in accordance with normal arrest procedures for felony cases. He also stated that he would simply continue the bond previously posted by Reiger for the misdemeanor DWI charge, as opposed to requiring a new bond. Carraway, the assistant district attorney, objected to the respondent's proposed course of

action. The respondent suggested they meet again at 2:00 p.m. because they could not agree on how to proceed and because Reiger's attorney was not present.

Carraway went to her supervisor, District Attorney Thomas D. Haigwood, and informed him of what had occurred. Haigwood then spoke with Reiger's attorney, Bill Little, and they agreed that the arrest should be handled through the normal arrest intake procedures. Haigwood approached the respondent and told him of the agreement, wherein the respondent supported the decision. Reiger was taken to the magistrate and released on a recognizance bond based on his earlier posted bond (the same action proposed by the respondent).

The respondent contends that his intent in proposing this course of action was to meet with all of the parties involved and alleviate any hardship a second arrest would cause. The suggestion was also an effort to avoid Reiger fleeing the jurisdiction because Reiger was reluctant to turn himself in on the new charge. The respondent maintains that his purpose was only to facilitate a fair, expedient and just resolution to the matter, in light of the facts as he understood them.

For these actions, the Commission concluded that the respondent's conduct constituted conduct prejudicial to the administration of justice that brings the judicial office into disrepute. The Commission recommends that the respondent be censured by this Court.

When the recommendations of the Judicial Standards Commission are reviewed, "[i]ts recommendations are not binding upon the Supreme Court, which will consider the evidence of both sides and exercise its independent judgment as to whether it should censure, remove or decline to do either." *In re Nowell*, 293 N.C. 235, 244, 237 S.E.2d 246, 252 (1977).

After careful consideration, we conclude that the respondent's conduct was not so egregious as to amount to conduct prejudicial to the administration of justice within the meaning of N.C.G.S. § 7A-376.

Conduct prejudicial to the administration of justice that brings the judicial office into disrepute has been defined as "conduct which a judge undertakes in good faith but which nevertheless would appear to an objective observer to be not only unjudicial conduct but conduct prejudicial to public esteem for the judicial office."

*In re Edens,* 290 N.C. 299, 305, 226 S.E.2d 5, 9 (1976) (quoting *Geiler v. Commission on Judicial Qualifications,* 10 Cal. 3d 270, 284, 515 P.2d 1, 9, 110 Cal. Rptr. 201, 209 (1973), *cert. denied,* 417 U.S. 932, 41 L. Ed. 2d 235 (1974)).

In the present case, the respondent sought to have all involved parties present at the meeting so as to avoid any appearance of partiality. The respondent also withdrew his proposal after consultation with the district attorney. Because the respondent appeared to act in good faith, acted openly with full disclosure to all parties, and upon objection did not see his initial course to fruition, we conclude that his actions do not rise to the level constituting conduct prejudicial to the administration of justice. However, we reiterate our disapproval of and caution judicial officials against *ex parte* communications or the voluntary injection of themselves into cases not properly before them.

Now, therefore, pursuant to N.C.G.S. § 7A-376 and § 7A-377(a) and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that the recommendation of the Commission that Judge James E. Martin be censured be and it is hereby rejected.

Done by order of the Court in Conference, this the 5th day of December 1996.

s/ORR, J.
For the Court