IN RE: INQUIRY CONCERNING A JUDGE, NO. 253 SAMUEL S. STEPHENSON, RESPONDENT

No. 203A01

(Filed 5 October 2001)

**Judges— censure of district court judge—misconduct—soliciting votes in court**

A district court judge is censured for willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute based upon his solicitation of support and votes during court for his reelection from defendants and attorneys appearing before him.

This matter is before the Court upon a recommendation by the Judicial Standards Commission, entered 23 March 2001, that respondent, Judge Samuel S. Stephenson, a Judge of the General Court of Justice, District Court Division, Eleventh Judicial District of the State

**IN RE STEPHENSON**

[354 N.C. 201 (2001)]

of North Carolina, be censured for willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of Canons 1, 2A, 3A(1), and 7 of the North Carolina Code of Judicial Conduct. Considered in the Supreme Court 13 September 2001.

*No counsel for Judicial Standards Commission or respondent.*

## ORDER OF CENSURE

In a letter dated 15 March 2000, the Judicial Standards Commission (Commission) notified Judge Samuel S. Stephenson (respondent) that it had ordered a preliminary investigation to determine whether formal proceedings under Commission Rule 9 should be instituted against him. The subject matter of the investigation included allegations that during court on 21 February 2000, respondent solicited support and votes for his reelection from defendants and attorneys appearing before him.

On 5 October 2000, special counsel for the Commission filed a complaint alleging in pertinent part:

3. The respondent has engaged in conduct inappropriate to his judicial office as follows:

a. During a recess in proceedings before the respondent in Johnston County District Court on January 20, 2000, the respondent spoke with attorney Sharon H. Kristoff who was appearing on behalf of clients in court that day. In the course of the conversation the respondent talked about running for reelection to his judgeship for which he was opposed and asked Kristoff for her support. When Kristoff indicated she had not made up her mind yet as to who she would support, the respondent replied, "What if you appeared in front of me and asked for a continuance and I said that I hadn't made up my mind yet?" At that point the conversation terminated.

b. The respondent presided over the February 21, 2000, criminal session of Johnston County District Court known as disposition court which is designed to allow defendants to have their cases adjudicated on their own without counsel or through counsel by waiver of appearance. On numerous occasions after disposing of a case, the respondent would call the defendant to the bench, introduce himself, and determine the defendant's residence if the respondent had not

done so prior to disposing of the case. If the defendant lived in the respondent's judicial district, the respondent would advise the defendant of his candidacy for reelection in November of 2000 and ask for the defendant's vote or support. Additionally, in several instances the respondent told the defendant to remember how nice he had been to the defendant; in one instance the respondent wrote his name on a piece of paper, gave it to the defendant, and asked the defendant to remember him in November; and in one instance the respondent offered to provide the defendant in *State v. Burris*, Johnston County file number 00 IF 000427, with campaign yard signs after having given the defendant a PJC [prayer for judgment continued] on payment of court costs and until March 31, 2000, to do so.

4. The actions of the respondent constitute willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute and are in violation of Canons 1, 2A, 2B, 3A(1), and 7 of the North Carolina Code of Judicial Conduct.

On 29 November 2000, respondent answered the complaint as follows:

1. The allegations contained in paragraphs 1 and 2 of the Complaint are admitted.

2. Respondent does now recall the incidents alleged in paragraphs 3 and 4 of the Complaint and acknowledges that he made most of the statements attributed to him. Therefore, Respondent does not contest the allegations contained therein.

3. Respondent never intended to do or say anything that would bring his judicial office into disrepute or violate the North Carolina Code of Judicial Conduct: Things were said and occurred on the occasions complained of that should not have, and Respondent regrets that.

4. Respondent further shows that he was unsuccessful in his reelection bid and that he will be leaving the bench on December 4, 2000.

On 2 February 2001, the Commission served respondent with a notice of formal hearing concerning the charges alleged. The

IN RE STEPHENSON

[354 N.C. 201 (2001)]

Commission conducted the hearing on 2 March 2001, at which time special counsel for the Commission presented evidence supporting the allegations in the complaint. The Commission found, *inter alia* the following:

9. The respondent engaged in conduct inappropriate to his judicial office as follows:

a. During a recess in proceedings before the respondent in Johnston County District Court on January 20, 2000, the respondent spoke with attorney Sharon H. Kristoff who was appearing on behalf of clients in court that day. In the course of the conversation the respondent talked about running for reelection to his judgeship for which he was opposed and asked Kristoff for her support. When Kristoff indicated she had not made up her mind yet as to who she would support, the respondent replied, "What if you appeared in front of me and asked for a continuance and I said that I hadn't made up my mind yet?" At that point the conversation terminated.

b. The respondent presided over the February 21, 2000, criminal session of Johnston County District Court. On numerous occasions after disposing of a case, the respondent would call the defendant to the bench, introduce himself, and determine the defendant's residence if the respondent had not done so prior to disposing of the case. If the defendant lived in the respondent's judicial district, the respondent would advise the defendant of his candidacy for reelection in November of 2000 and ask for the defendant's vote or support. Additionally, in several instances the respondent told the defendant to remember how nice he had been to the defendant, and in one instance the respondent offered to provide the defendant in *State v. Burris*, Johnston County file number 00 IF 000427, with campaign yard signs after having given the defendant a PJC on payment of court costs and until March 31, 2000, to do so.

After hearing all of the evidence, the Commission concluded on the basis of clear and convincing evidence that respondent's conduct constituted:

a. conduct in violation of Canons 1, 2A, 3A(1), and 7 of the North Carolina Code of Judicial Conduct;

b. conduct prejudicial to the administration of justice that brings the judicial office into disrepute as defined in *In re Edens*, 290 N.C. 299, 226 S.E.2d 5 (1976); and

c. willful misconduct in office as defined in *In re Nowell*, 293 N.C. 235, 237 S.E.2d 246 (1977).

The Commission recommended that this Court censure respondent.

In reviewing the Commission's recommendations pursuant to N.C.G.S. § 7A-376, this Court acts as a court of original jurisdiction, rather than in its usual capacity as an appellate court. *See In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). Moreover, the Commission's recommendations are not binding upon this Court. *In re Nowell*, 293 N.C. at 244, 237 S.E.2d at 252. We consider the evidence and then exercise independent judgment as to whether to censure, to remove, or to decline to do either. *Id.*

The quantum of proof in proceedings before the Commission is proof by clear and convincing evidence. *See id.* at 247, 237 S.E.2d at 254. Such proceedings are not meant "to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." *Id.* at 241, 237 S.E.2d at 250. After thoroughly examining the evidence presented to the Commission, we conclude the Commission's findings of fact are supported by clear and convincing evidence and adopt them as our own. *See In re Harrell*, 331 N.C. 105, 110, 414 S.E.2d 36, 38 (1992).

In light of the foregoing, we conclude that respondent's actions constitute conduct in violation of Canons 1, 2A, 3A(1), and 7 of the North Carolina Code of Judicial Conduct. Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent, Samuel S. Stephenson, be and he is hereby, censured for willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

By order of the Court in Conference, this the 4th day of October 2001.

Butterfield, J.
For the Court