IN RE: INQUIRY CONCERNING A JUDGE, NOS. 270 & 280 EVELYN W. HILL,
RESPONDENT

No. 316A03

(Filed 7 November 2003)

**Judges— censure of superior court judge**

A superior court judge is censured by the Supreme Court for conduct prejudicial to the administration of justice that brings the judicial office into disrepute based upon the following actions: (1) making unwarranted critical remarks to an attorney, during the attorney's argument in support of a motion, accusing the attorney of being insensitive and heartless and suggesting that she was an incompetent attorney; and (2) assaulting a deputy sheriff by reaching for his genitals after directing him to get out of the way as the judge entered a clerk of court's office and making improper remarks to the deputy.

This matter is before the Court upon a recommendation by the Judicial Standards Commission, entered 29 May 2003, that respondent, Judge Evelyn W. Hill, a judge of the General Court of Justice, Superior Court Division, Tenth Judicial District of the State of North Carolina, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of Canons 2A and 3A(3) of the North Carolina Code of Judicial Conduct. Considered in the Supreme Court 16 October 2003.

*No counsel for Judicial Standards Commission or respondent.*

ORDER OF CENSURE

In letters dated 26 July 2001 and 11 March 2002, the Judicial Standards Commission (Commission) notified Judge Evelyn W. Hill (respondent) that it had ordered a preliminary investigation to determine whether formal proceedings under Commission Rule 9 should be instituted against her. The subject matter of the investigation included allegations that: 1) on 10 May 2001, respondent engaged in *ex parte* communications with and displayed excessive personal familiarity toward Eric Scheiner, the plaintiff in a case in which respondent was hearing a motion that day; 2) that respondent made unwarranted critical and demeaning remarks to attorney Kerry E. Larsen on 7 May 2001, during her argument in support of a motion before respondent; and 3) that respondent assaulted Franklin County

IN RE HILL

[357 N.C. 559 (2003)]

Deputy Sheriff Brian Bowers on 13 February 2002, by reaching for his genitals after directing him to get out of her way as she entered the Franklin County Clerk of Superior Court's offices.

On 21 August 2002, special counsel for the Commission filed a complaint alleging in pertinent part:

3. The respondent has subjected an attorney and a deputy sheriff to verbal statements or physical acts or both that were unbecoming to her and demeaning to the dignity, integrity, and honor of the judicial office on the following occasions:

a. The respondent presided over the May 7, 2001, civil session of Durham County Superior Court and heard a motion in *McGeorge v. Ponsell, Broyles, et al.*, Durham County file number 01 CVS 826. Attorney Kerry E. Larsen appeared and argued the motion on behalf of the defendants. During attorney Larsen's argument in support of the motion, the respondent interrupted and demanded her personal opinion about a legal issue. When attorney [Larsen] declined to express such an opinion, the respondent engaged in unwarranted, unprovoked personal and professional criticism of attorney Larsen, accusing her of being insensitive and heartless and suggesting she was an incompetent attorney.

b. The respondent was assigned to hold court in Franklin County during the week of February 11-15, 2002. As the respondent was entering the offices of the Franklin County Clerk of Superior Court around lunchtime on February 13, 2002, Franklin County deputy sheriff Brian W. Bowers was exiting those offices. The respondent and deputy Bowers met in the doorway area, and the respondent directed deputy Bowers to "Get the hell out of my way." When deputy Bowers hesitated, the respondent extended her open right hand toward him in a manner that appeared to those present that she intended to grab his genitals. Deputy Bowers deflected the respondent's hand with his and applied pressure to her fingers to stop the assault. Deputy Bowers released the respondent's hand as soon as she identified herself as a judge. Both the respondent and deputy Bowers exited the Clerk's offices at that time along with two (2) other deputy sheriffs who had been waiting for deputy Bowers. Whereupon, the respondent stated in the presence of the three (3) deputy sheriffs words to the effect that either "It's been a while since I've

**IN RE HILL**

[357 N.C. 559 (2003)]

shoved a male's balls down his throat" or "It's been a while since I shoved a man's balls through his nose holes."

4. The actions of the respondent on both of the occasions described in paragraphs 3a and 3b above constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute and are in violation of Canons 1, 2A, and 3A(3) of the North Carolina Code of Judicial Conduct.

On 5 September 2002, respondent answered the complaint, in pertinent part, as follows:

3. Denied.

3a. It is admitted that Judge Hill conducted a motion hearing in the case set out in paragraph 3a of the Complaint, and that attorney Kerry E. Larsen appeared and argued the motion on behalf of the defendants. The full transcript of this hearing reflects what was said at the hearing. Judge Hill's comments and questions were in no way intended to be demeaning or a "personal attack," but rather reflected Judge Hill's concern for the victim in the case and for ensuring that a fair and legal result occurred. Except as herein admitted, the allegations of paragraph 3a are denied.

3b. It is admitted that Judge Hill held court in Franklin County during the week of February 11, 2002. It is further admitted that on or about February 13, 2002, outside of a back office of the clerk of court, Investigator Winstead and Detective Philbeck of the Franklin County Sheriff's Department were talking with Judge Hill. Inside of this office were Deputy Bowers of the Franklin County Sheriff's Department, and Amy Leonard and Barbara Dickerson, both employees of the Franklin County Clerk's Office. No member of the public was present inside or outside the office. Winstead, Philbeck, and Judge Hill stood outside the doorway to the office for some time, talking and joking. Winstead then stuck his head inside the doorway and said "Brian, let's go" to Deputy Bowers, who stood and started to walk out the doorway. As this was occurring, Judge Hill entered the doorway. Judge Hill told Bowers to get out of her way, and jokingly made a gesture with her hand toward the area of [Bowers'] midsection. Bowers grabbed Judge Hill's hand, at which time Judge Hill laughed and said, "Wait, I am a judge." Bowers released Judge Hill's hand, and Judge Hill laughed and made a joking comment

to the three deputy sheriffs involving the male anatomy (upon information and belief, neither of the clerk's office personnel have stated that they heard this comment). Bowers immediately believed that this was a joke that Winstead and Philbeck had gotten Judge Hill to engage in with him. The three deputy sheriffs and Judge Hill all moved to the hallway, where they laughed among themselves about the episode. During these events, Bowers was dressed in a grey sweatshirt with the letters "F.C.S.D." and had his firearm holstered on his side—obviously dressed as law enforcement. Deputy Bowers has stated that he was in no way offended or assaulted during the events, that he does not wish to complain against Judge Hill in any way, and that he views this as joking horseplay among courthouse personnel. Except as herein admitted, the allegations of paragraph 3b are denied.

4. Denied.

On 27 February 2003, the Commission served respondent with a notice of formal hearing concerning the charges alleged. The Commission conducted the hearing on 1 May 2003, at which time special counsel for the Commission presented evidence supporting the allegations in the complaint. The Commission found, *inter alia*, the following:

7. The respondent presided over a civil session of Durham County Superior Court on May 7, 2001, and heard a motion in *McGeorge v. Ponsell, Broyles, et al.*, Durham County file number 01 CVS 826. Attorney Kerry E. Larsen appeared and argued the motion on behalf of the defendant Duke University. During Larsen's argument in support of the motion, the respondent interrupted and demanded that Larsen give her personal opinion about what Larsen in her "heart of hearts" thought the plaintiff knew. When attorney [Larsen] declined to express such an opinion, the respondent became annoyed with [Larsen]. Respondent then assumed what she described as a "D.A. mode" in which she intensely questioned [Larsen]. During the said "D.A. mode" of questioning, Respondent told [Larsen], "I think it's important to focus on the human side, and I haven't heard anything you've said so far to suggest you even have a heart." During respondent's subsequent questioning, [Larsen] was unable to answer a question involving a date. Upon [Larsen's] admission that she did not know the answer, respondent asked Larsen, "Pretty incompetent, isn't

**IN RE HILL**

[357 N.C. 559 (2003)]

it?" At all times during the hearing of the motion, [Larsen] remained composed and professional. At no time prior to or during the hearing did [Larsen] act in such a manner that would provoke [or] justify the personal and professional criticism leveled against her by the respondent.

8. The respondent was assigned to hold court in Franklin County during the week of February 11-15, 2002. As the respondent was entering one of the offices of the Franklin County Clerk of Superior Court around lunchtime on February 13, 2002, Franklin County deputy sheriff Brian W. Bowers was exiting the office, after talking with employees in the Clerk's Office, Amy Leonard and Barbara Dickerson. The respondent and Bowers simultaneously entered into the doorway area from opposite directions, at which time the following exchange took place:

Respondent: "Get out of my way."

Bowers: "Excuse me."

Respondent: "Get the hell out of my way."

Respondent then extended her hand toward Bowers in a manner that appeared, to Leonard, Dickerson and Bowers, that she intended to grab his genitals. Bowers, in an attempt to prevent an assault upon himself, caught the respondent's hand with his hand and bent her fingers backward to stop her action. Bowers, who did not know the respondent's identity or that the respondent was a judge, released the respondent's hand as soon as the respondent was identified to Bowers as a judge. Both the respondent and deputy Bowers exited the Clerk's office and were joined in the hallway by deputy sheriffs Travis Philbeck and Kent Winstead, who had been behind the respondent outside the doorway. Whereupon the following exchange took place:

Respondent: "Are you scared?"

Bowers: "Yes."

Respondent: "It's been a while since I shoved a male's balls through his nose holes."

9. Respondent admitted making the statement attributed to her in paragraphs 7. and 8. above, and stated that she was "horrified" at her statements.

After hearing all of the evidence, the Commission concluded on the basis of clear and convincing evidence that respondent's conduct constituted:

> b. conduct prejudicial to the administration of justice that brings the judicial office into disrepute as defined in *In re Edens*, 290 N.C. 299, 226 S.E.2d 5 (1976).

The Commission recommended that this Court censure respondent.

In reviewing the Commission's recommendations pursuant to N.C.G.S. §§ 7A-376 and 7A-377, this Court acts as a court of original jurisdiction, rather than in its usual capacity as an appellate court. *See In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). Moreover, the Commission's recommendations are not binding upon this Court. *In re Nowell*, 293 N.C. 235, 244, 237 S.E.2d 246, 252 (1977). We consider the evidence and then exercise independent judgment as to whether to censure, to remove, or to decline to do either. *Id.*

The quantum of proof in proceedings before the Commission is proof by clear and convincing evidence. *See id.* at 247, 237 S.E.2d at 254. Such proceedings are not meant "to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." *Id.* at 241, 237 S.E.2d at 250. After thoroughly examining the evidence presented to the Commission, we conclude the Commission's findings of fact are supported by clear and convincing evidence and adopt them as our own. *See In re Harrell*, 331 N.C. 105, 110, 414 S.E.2d 36, 38 (1992).

We note that the findings of fact contained in paragraph number 7 above would not, in and of themselves, likely be viewed as conduct prejudicial to the administration of justice. However, respondent's conduct, based on the totality of the events cited, does rise to a level of conduct prejudicial to the administration of justice that brings the judicial office into disrepute. In light of the foregoing, we conclude that respondent's actions constitute conduct in violation of Canons 2A and 3A(3) of the North Carolina Code of Judicial Conduct. Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent, Judge Evelyn W. Hill, be and she is hereby, censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

By order of the Court in Conference, this the 6th day of November, 2003.

Brady, J.
For the Court