IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-36

No. 480A20

Filed 16 April 2021

IN RE INQUIRY CONCERNING A JUDGE, NO. 19-225

WILLIAM F. BROOKS, Respondent

This matter is before the Court pursuant to N.C.G.S. §§ 7A-376 and -377 upon a recommendation by the Judicial Standards Commission entered 27 October 2020 that respondent William F. Brooks, a Judge of the General Court of Justice, District Court Division, Judicial District Twenty-Three, be censured for conduct in violation of Canons 1, 2A, 5D, and 6C; and for conduct prejudicial to the administration of justice and for willful misconduct in office in violation of N.C.G.S. § 7A-376. Heard in the Supreme Court on 17 February 2021 without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*No counsel for Judicial Standards Commission or Respondent.*

ORDER OF SUSPENSION

¶ 1 The Judicial Standards Commission has unanimously recommended that this Court should censure Judge William F. Brooks for violations of Canons 1, 2A, 5D, and 6C amounting to conduct that was prejudicial to the administration of justice and that constituted willful misconduct in office. Pursuant to N.C.G.S. § 7A-376 and -

377, it is our duty first to independently review the record to determine whether the Commission's findings of fact are supported by clear and convincing evidence and whether the findings support the conclusions of law; and then to exercise our independent judgment to consider whether the Commission's proposed sanctions are appropriate. *See In re Murphy,* 376 N.C. 219, 235 (2020) (citing *In re Badgett*, 362 N.C. 202, 207 (2008)).

¶ 2     On 17 January 2020, Counsel for the Commission filed a Statement of Charges against respondent alleging that he engaged in conduct prejudicial to the administration of justice that brings the judicial office into disrepute and willful misconduct in office "by serving as executor for the estates of two former clients that were not members of respondent's family, collecting substantial fees or commissions for such service, and failing to properly report that income." The Commission charged that these actions in general violated Canons 1 and 2A of the North Carolina Code of Judicial Conduct. The Commission further charged that respondent's actions in serving as executor of the estates for people not members of his family violated Canon 5D and that his failure to report extra-judicial income in excess of $2,000 violated Canon 6C.

¶ 3     Respondent filed a response on 5 March 2020 admitting that he served as a personal representative for the estates of two former family friends, who were clients, not members of his family; that he collected fees for such service; and that he

inadvertently failed to disclose the receipt of said fees on his 2016 Judicial Income Report and his Statement of Economic Interest for the same year. On 13 May 2020, Counsel for the Commission and Counsel for respondent filed a Stipulation and Agreement for Stated Disposition which contained the following stipulated facts:

1. On or about April 3, 2009, Respondent, prior to his appointment as District Court Judge and while still in engaged in the private practice of law, prepared and executed wills for two clients, Robert and Mary Grace Crawford. Each will also designated the Respondent as the executor of the respective will. Respondent had no familial relationship with either Robert or Mary Grace Crawford.

2. On or about October 2, 2013, Respondent was appointed to serve as a District Court Judge in Judicial District 23. Respondent received a copy of the Code of Judicial Conduct and ethics training during Orientation for New District Court Judges in early December 2013.

3. On or about March 9, 2014, Robert Crawford passed away. Mary Grace Crawford subsequently died on November 29, 2014. While serving as District Court Judge, Respondent also served as executor of both wills. In that capacity, Respondent admitted both wills to probate and filed inventories and accountings with Wilkes County Clerk of Superior Court until both estates were closed in 2017.

4. At the time Respondent carried out his functions as the executor of the Crawford estates, Respondent knew or should have known that the Code of Judicial Conduct prohibited him from serving as the executor or any type of fiduciary for individuals other than members of Respondent's family. Respondent had known the Crawfords for many years and considered them to be like family, but acknowledges he was not related to

them by blood or marriage.

5. During the week of March 14, 2016, Respondent was compensated with a $2,550 commission for serving as executor of Robert Crawford's estate and a $85,320.77 commission for serving as executor of Mary Grace Crawford's estate.

6. Respondent failed to disclose the extra-judicial income he earned from serving as the executor for Robert Crawford and Mary Grace Crawford in 2016 on his Canon 6 Extra-Judicial Income report for the 2016 calendar year and on his Statement of Economic Interest (SEI) filed with the State Ethics Commission for the 2016 calendar year.

7. Respondent knew or should have known that he was required to report the extra-judicial income he received from serving as an executor on both his Canon 6 and SEI disclosures. Respondent has now amended both his Canon 6 and Extra-judicial Income Report and SEI for 2016 calendar year to reflect his additional income.

8. The parties stipulate that the foregoing findings are established by clear and convincing evidence and agree that the factual and evidentiary stipulations shall constitute the entire evidentiary record in this matter for consideration by the hearing panel and that no other evidence will be introduced at the disciplinary recommendation hearing by either party.

The parties further made the following Stipulations of Violations of the Code of

Judicial Conduct:

1. Respondent acknowledges that the factual stipulations contained herein are sufficient to prove by clear and convincing evidence that he violated the following provisions of the North Carolina Code of Judicial Conduct:

a. he failed to personally observe appropriate standards of conduct to ensure that integrity of judiciary is preserved in violation of Canon 1 of the North Carolina Code of Judicial Conduct;

b. he failed to respect and comply with the law and conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary in violation of Canon 2A North Carolina Code of Judicial Conduct;

c. he served as executor, administrator, trustee, guardian, or other fiduciary for estates of people who were not a member of Respondent's family in violation of Canon 5D of the North Carolina Code of Judicial Conduct; and

d. he failed to report extra-judicial income in excess of $2,000 in violation of Canon 6C of North Carolina Code of Judicial Conduct.

2. Respondent further acknowledges that the stipulations contained herein are sufficient to prove by clear and convincing evidence that his actions constitute willful misconduct in office and that he willfully engaged in misconduct prejudicial to the administration of justice which brought the judicial office in disrepute in violation of N.C. Gen. Stat.§ 7A-376.

¶ 4 The Judicial Standards Commission held a hearing in this matter on 11 September 2020 at which the above stipulations were read into the record by the Commission's counsel. Respondent, who was present and represented by counsel, made a brief statement accepting responsibility for his actions, acknowledging they were wrong, and apologizing for his actions while also explaining that "I just did not realize for whatever reason that this could not be done."

The Commission issued its Recommendation of Judicial Discipline on 27 October 2020. Based on the stipulated facts and the associated exhibits, the Commission made findings of fact that include verbatim the stipulated facts as well as additional detail about respondent's completion of the required Canon 6 Report and SEI. Specifically, the Commission found that in his Canon 6 Report, respondent "affirmatively indicated 'None' in the column asking him to identify any source of extra-judicial income of more than $2,000 for 2016. On his SEI "No Change Form" for the calendar year 2016, respondent "affirmatively acknowledged that he read and understood N.C.G.S. § 138A-26 regarding concealing or failing to disclose material information and further acknowledged that knowingly concealing or failing to disclose information that is required to be disclosed is a Class I misdemeanor."

Based on these findings of fact, the Commission made the following Conclusions of Law:

> 1. Canon 5D of the Code of Judicial Conduct expressly prohibits judges from serving as "the executor, administrator, trustee, guardian or other fiduciary, except for the estate, trust or person of a member of the judge's family, and then only if such service will not interfere with the proper performance of the judge's judicial duties." The Commission concludes that Respondent violated Canon 5D by serving as the executor of the two Crawford estates notwithstanding that fact that he knew or should have known that such service was expressly prohibited.
>
> 2. Canon 6C of the Code of Judicial Conduct requires judges to make a public report each year of "the name and nature of any source or activity from which the judge

received more than $2,000 in income during the calendar year for which the report is filed." Canon 6C ensures "transparency in a judge's financial and remunerative activities outside of the judicial office to ascertain potential conflicts of interest, avoid corruption and maintain public confidence in the impartiality, integrity and independence of the state's judiciary." *In re Mack*, 369 N.C. 236, 242, 794 S.E.2d 266, 270 (2016) (adopting the Commission's findings and conclusions). The Commission concludes that Respondent violated Canon 6C by affirmatively representing on his Canon 6 Report that he had no outside income to report for 2016 when he knew that he had received nearly $90,000 in outside income due to his service as the executor of the Crawford estates.

3. Canon 2A of the Code of Judicial Conduct requires that "[a] judge should respect and comply with the law and should conduct himself/herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." As a judge of the General Court of Justice, Respondent is a "covered person" under the State Government Ethics Act and is required to file a Statement of Economic Interest (SEI) with the State Ethics Commission by April 15 of each year. *See* N.C.G.S. §138A-3(21), § 138A-22. In executing his SEI "No Change Form" on March 31, 2017 under penalty of perjury, Respondent affirmatively represented that he had no changes in income to report for 2016, acknowledged that he read and understood N.C.G.S. §138A-26 regarding concealing or failing to disclose material information and further acknowledged that knowingly concealing or failing to disclose information that is required to be disclosed is a Class 1 misdemeanor. At the time Respondent made those representations, he knew he had earned nearly $90,000 in additional income in 2016. By failing to disclose his outside income on the SEI as required by state law, Respondent failed to "respect and comply with the law" and further failed to conduct himself "in a manner that promotes public confidence in the integrity . . . of the judiciary" and therefore violated Canon 2A of the Code of Judicial

Conduct.

4.     Canon 1 of the Code of Judicial Conduct requires that a judge must "participate in establishing, maintaining, and enforcing, and should personally observe, appropriate standards of conduct to ensure that the integrity and independence of the judiciary shall be preserved."  The Commission concludes that Respondent violated Canon 1 because he failed to observe appropriate standards of conduct to preserve the integrity of the judiciary when he failed to disclose his significant outside income in 2016 on both his Canon 6 Form and SEI when he knew that such reporting was required under the Code of Judicial Conduct and state law, respectively.

5.     The Preamble to the Code of Judicial Conduct provides that a "violation of this Code of Judicial Conduct may be deemed conduct prejudicial to the administration of justice that brings the judicial office into disrepute, or willful misconduct in office, or otherwise as grounds for disciplinary proceedings pursuant to Article 30 of Chapter 7A of the General Statutes of North Carolina."  In addition, Respondent has stipulated not only to his violations of the Code of Judicial Conduct, but also to a finding that his conduct amounted to conduct prejudicial to the administration of justice and willful misconduct in office. The Commission in its independent review of the stipulated facts and exhibits and the governing law also concludes that Respondent's conduct rises to the level of conduct prejudicial to the administration of justice and willful misconduct in office.

6.     The Supreme Court defined conduct prejudicial to the administration of justice in *In re Edens*, 290 N.C. 299, 226 S.E.2d 5 (1976) as "conduct which a judge undertakes in good faith but which nevertheless would appear to an objective observer to be not only unjudicial conduct but conduct prejudicial to the public esteem for the judicial office."  *Id.* at 305, 226 S.E.2d at 9.  As such, rather than evaluate the motives of the judge, a finding of conduct

prejudicial to the administration of justice requires an objective review of "the conduct itself, the results thereof, and the impact such conduct might reasonably have upon knowledgeable observers." *Id.* at 306, 226 S.E.2d at 9 (internal citations and quotations omitted). Respondent's objective conduct in impermissibly serving as an executor for the Crawford estates, collecting nearly $90,000 in fees for such service and then affirmatively representing on his Canon 6 Report that he had no outside income to report, as well as his action in affirmatively filing a "No Change Form" with the State Ethics Commission that concealed his income, constitutes conduct prejudicial to the administration of justice that brings the judicial office into disrepute. Such conduct could reasonably be perceived as an attempt to hide from public scrutiny the significant income he received from engaging in an activity expressly prohibited by the Code of Judicial Conduct.

7.     The Supreme Court in *In re Edens* defined willful misconduct in office as "improper and wrong conduct of a judge acting in his official capacity done intentionally, knowingly and, generally, in bad faith. It is more than a mere error of judgment or an act of negligence. While the term would encompass conduct involving moral turpitude, dishonesty, or corruption, those elements need not necessarily be present." 290 N.C. at 305, 226 S.E.2d at 9. As further set forth by the Supreme Court in *In re Nowell*, 293 N.C. 235, 237 S.E.2d 246 (1977), a judge's "specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith." 293 N.C. at 248, 237 S.E.2d at 255 (internal citations omitted). The undisputed facts at issue in this matter establish that Respondent's conduct was the result of more than a mere error of judgment or act of negligence. Even assuming Respondent did not act in bad faith in violating Canon 5D (notwithstanding his admission that he received a copy of the Code of Judicial Conduct and attended training on it as a new judge), Respondent without question knew that as a judge of the General Court

of Justice, the duties of his judicial office required him to file annual reports that would disclose for public scrutiny his sources of outside income. Despite earning nearly $90,000 in extra income in 2016, Respondent in his capacity as a judicial officer affirmatively and knowingly represented in public financial disclosure that he had no new reportable income. Such conduct amounts to willful misconduct in office.

As mitigating factors, the Commission found that respondent cooperated, admitted error and showed remorse. Additionally, as the Commission found, the conduct at issue here appears to be a single event and not a pattern of recurring misconduct. Subsequent to the Statement of Charges, Respondent amended the public reports at issue to reflect his outside income for 2016. The Commission found as aggravating factors the fact that the amount of outside income was large, making his failure to disclose it particularly egregious, and the fact that the income came from activity expressly prohibited in Canon 5D of the Code of Judicial Conduct. In light of the findings of fact and conclusions of law, and taking into account the mitigating and aggravating factors, the Commission recommended that respondent be censured.

In this matter, we proceed as a court of original jurisdiction rather than an appellate court. *In re Clontz*, 376 N.C. 128, 140 (2020) (citing *In re Hill*, 357 N.C. 559, 564 (2003)). We are not bound by the Commission's recommendations, but rather must exercise our own independent judgment when considering the evidence. *Id.* (citing *In re Nowell*, 293 N.C. 235, 244 (1977)). Here, the Commission's findings were based on stipulated facts and exhibits, and they are uncontested. After reviewing the

full record, we conclude that the Commission's findings of fact are supported by clear and convincing evidence, and we adopt them as our own without exception.

¶ 8 We also adopt the Commission's conclusions of law as appropriately supported by those facts. Both the prohibition on serving as a personal representative for the estate of a non-family member and the reporting requirements for extra-judicial income are explicit in the relevant governing authorities and respondent's failure to abide by them constitutes "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." N.C.G.S. § 7A-376(b).

¶ 9 Where we depart from the Commission is in the determination of an appropriate resolution. We agree with the Commission that a public reprimand is not appropriate because the misconduct in this matter is not "minor." *See* N.C.G.S. § 7A-374.2(7) (public reprimand appropriate where misconduct is minor). And we appreciate the mitigating factors that exist here, particularly concerning defendant's cooperation with the Commission and his near-immediate acknowledgment of the impropriety of his conduct.

¶ 10 Nevertheless, we must view this matter keeping in mind that the central purpose of the Code of Judicial Conduct, as articulated in the Preamble, is to uphold an "independent and honorable judiciary" for the people of North Carolina. In *In re Mack¸* 369 N.C. 236 (2016), where the respondent judge was publicly reprimanded for failing to report non-judicial income, the activity the judge engaged in, namely

renting residential property, was not an activity that itself is prohibited conduct. Judges are permitted under the Code of Judicial Conduct to own and realize a profit from rents, so long as the income is properly disclosed. Here, the Code of Judicial Conduct explicitly prohibits the activity that produced the non-reported income. Further, the estates were settled in respondent's own judicial district with respondent seeking and receiving a significant commission for serving as executor. This is an additional aggravating factor that created the appearance of a lack of judicial independence. *Cf. In re Badgett,* 362 N.C. 202, 209 (2008) (imposing a sixty-day suspension where some of the conduct occurred in the courtroom "which gave rise to the unavoidable inference that [the judge] sought to use the powers of his position to obtain a personal favor which was beyond the legitimate exercise of his authority."). Respondent's conduct here was a willful violation that was prejudicial to the administration of justice and brought the judicial office into disrepute.

In *In re Chapman,* 371 N.C. 486 (2018), this Court imposed a thirty-day suspension even though the conduct in question did not result in a financial gain for the judge, and where the judge cooperated with the Commission, entered into a stipulation of facts, took responsibility for his actions, and expressed remorse. *Id.,* 371 N.C. at 496. Nevertheless, by unreasonably delaying for five years his ruling on a motion for permanent child support, the judge in that case committed egregious misconduct requiring more than a censure.

¶ 12    Similarly, in *In re Badgett,* this Court went beyond the Commission's recommendation of censure to impose a suspension because the judge's misconduct was "of a significantly greater magnitude than that present in other recent cases where we have held censure to be appropriate." 362 N.C. at 208; *see also In re Hill*, 357 N.C. 559 (2003) (censuring judge for verbally abusing an attorney and for sexual comments and horseplay); *In re Brown*, 356 N.C. 278 (2002) (censuring judge when on two occasions, the judge caused his signature to be stamped on orders for which he did not ascertain the contents and effect); *In re Stephenson*, 354 N.C. 201 (2001) (censure imposed when the judge solicited votes for his reelection from the bench); *In re Brown*, 351 N.C. 601 (2000) (censure appropriate when the judge consistently issued improper verdicts).

¶ 13    In the circumstances of this case it is our judgment that, after weighing the severity of defendant's conduct with his candor, cooperation, remorse, and otherwise good character, a one-month suspension is appropriate. At the conclusion of the suspension, respondent may resume the duties of his office.

¶ 14    The Supreme Court of North Carolina orders that respondent William F. Brooks be, and is hereby, SUSPENDED without compensation from office as a Judge of the General Court of Justice, District Court Division, Judicial District Twenty-Three, for THIRTY DAYS from the entry of this order for conduct in violation of Canons 1, 2A, 5D, and 6C of the North Carolina Code of Judicial Conduct and for

conduct prejudicial to the administration of justice that brings the judicial office into disrepute and willful misconduct in office in violation of N.C.G.S. § 7A-376.

By order of the Court in Conference, this the 16th day of April 2021.

s/Berger, J.
For the Court

WITNESS my hand and the seal of the Supreme Court of North Carolina, this the 16th day of April 2021.

AMY L. FUNDERBURK

Clerk of the Supreme Court

s/Amy L. Funderburk