IN THE SUPREME COURT OF NORTH CAROLINA

No. 250A16

Filed 21 December 2016

IN RE: INQUIRY CONCERNING A JUDGE, NO. 14-126B
PETER MACK, JR., Respondent

This matter is before the Court pursuant to N.C.G.S. §§ 7A-376 and -377 upon a recommendation by the Judicial Standards Commission entered 16 June 2016 that Respondent Peter Mack, Jr., a Judge of the General Court of Justice, District Court Division 3B, State of North Carolina, be publicly reprimanded for conduct in violation of Canons 1, 2A, and 6C of the North Carolina Code of Judicial Conduct and constituting conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376. This matter was calendared for argument in the Supreme Court on 10 October 2016, but determined on the record without briefs or oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure and Rule 2(c) of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission.

*No counsel for Judicial Standards Commission or Respondent.*

ORDER

The issue before the Court in this case is whether Judge Peter Mack, Jr. (Respondent) should be publicly reprimanded for violations of Canons 1, 2A, and 6C of the North Carolina Code of Judicial Conduct amounting to conduct prejudicial to

the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b). Respondent has not challenged the findings of fact made by the Judicial Standards Commission or opposed the Commission's recommendation that he be publicly reprimanded before this Court.

On 20 July 2015, the Commission counsel filed a Statement of Charges against Respondent alleging that he had failed to report certain income from extra-judicial sources as required by Canon 6 and the State Government Ethics Act. In addition, the Commission counsel alleged that Respondent had

> engaged in conduct inappropriate to his judicial office by presiding over a session of district court in which a criminal defendant appeared on the [judge's] calendar for criminal charges which the [judge] ha[d] initiated as the complaining witness, and which the [judge] agreed should be dismissed after [he] was paid restitution by the criminal defendant in the amount of $3,000 cash in the [judge's] chambers.

According to the allegations contained in the statement of charges, Respondent's failure to report his annual outside income as required by law during specified years is "in violation of Canons 1, 2A, and 6C of the North Carolina Code of Judicial Conduct," and Respondent's actions in presiding over a criminal case that he had initiated and agreeing to the dismissal of the case after receiving restitution in chambers constituted violations of "Canons 1, 2A, and 2B of the North Carolina Code of Judicial Conduct." As a result, the Commission counsel asserted that Respondent's

actions "constitute[d] conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. §[ ]7A-376(b) and §[ ]7A-377."

On 1 September 2015, Respondent filed an answer in which he alleged that his failure to report outside rental income during the years in question constituted an unintentional oversight and that the handling of the case in which he received restitution was not "against normal protocol," with all the transactions in the case having been "handled through [his] de facto attorney in the proceeding and the District Attorney's Office." On 16 November 2015, Respondent and the Commission counsel filed a number of joint evidentiary, factual, and disciplinary stipulations as permitted by Commission Rule 22 that tended to support a decision to publicly reprimand Respondent. On 11 May 2016, a hearing concerning this matter was held before the Commission.

On 16 June 2016, the Commission filed a Recommendation of Judicial Discipline, in which it made the following findings of fact:

> 1.     Respondent has resided in Craven County, North Carolina for more than thirty years.
>
> 2.     Respondent owns two residential properties in Craven County, North Carolina which he has rented to various tenants over the last ten (10) years. Specifically, from approximately May 2013 until February 2014, Respondent rented a home in New Bern, North Carolina to a tenant for approximately $800 per month (the New Bern home). Respondent began renting the New Bern home to a new tenant in 2014 for approximately $700 per month. From approximately 2007 until August of 2011, Respondent also rented a home in Havelock, North

Carolina to an individual for approximately $600 per month (the Havelock home). From approximately October 2011 until the present date, Respondent rented the Havelock home to another individual for approximately $550-600 per month.

3. With respect to the Havelock home, in 2011 Respondent's former tenant vacated the home without notice, was several months behind on rent and left significant damage to the property including knocked out drywalls, missing light fixtures, soiled carpets, and more.

4. Respondent incurred significant costs as a result of the damage done to the Havelock home. Respondent contacted the former tenant seeking compensation for the damages, which the former tenant did not pay.

[5]. On 3 May 2013, Respondent sought criminal charges against the former tenant and a criminal summons was issued for injury to real property. On the criminal summons, Respondent is listed as the complainant and his address is listed as 300 Broad St., New Bern, NC 28560, the address of the Craven County Courthouse.

[6]. The former tenant's criminal charge, Craven County File No. 13CR51808, was first set for 30 May 2013. The criminal case was continued a number of times and remained pending for over a year for various reasons. The former tenant had difficulty finding a defense attorney to represent him when Respondent was the prosecuting witness. Eventually, the former tenant applied for a court-appointed attorney and an Assistant Public Defender from outside Respondent's judicial district was assigned by the Office of Indigent Defense Services.

[7]. In an effort to bring all the parties together to settle the criminal matter, the Assistant District Attorney (ADA) assigned to prosecute the former tenant's charge calendared the matter in Respondent's courtroom. Respondent did not set the case on his own calendar or

exercise undue judicial authority to have the former tenant's charge heard in his court.

[8].    On 25 April 2014, Respondent presided over Criminal District Court in Craven County, and Craven County File No. 13CR51808 appeared on line number 28 of that court calendar, with Respondent's name listed as the complainant.

[9].    During the 25 April 2014 court session, Respondent provided the ADA with photographs of the damaged rental property, which were also shared with the Assistant Public Defender, who then consulted with the former tenant. The parties reached an agreement that Respondent and the ADA would not pursue the criminal charge against the former tenant if he paid Respondent restitution for the property damages. This is a common means of resolution in similar criminal cases in Craven County. All parties agreed on the amount of restitution and the case was continued to allow the former tenant time to raise the necessary funds to pay Respondent.

[10].    On 18 July 2014, the ADA again scheduled Craven County File No. 13CR51808 on Respondent's docket, and the case appeared on line number 18 of the court calendar, with Respondent's name listed as the complainant. During this court session, Respondent recessed court and was joined in an office behind the courtroom by the ADA and the former tenant. The Assistant Public Defender representing the former tenant was not present as per an agreement with the ADA. During this meeting, Respondent left the office temporarily, and when he returned, the ADA had received $3000 in cash as restitution from the former tenant, and the ADA handed it to Respondent. After restitution was made to Respondent, the ADA filled out a form dismissing the criminal charge against the former tenant. There is no dispute that Respondent was entitled to the restitution from the former tenant.

[11]. With respect to the rental properties as a whole, while Respondent stipulates he has had little to no annual net income from the rental properties, he admits he has grossed in excess of $5,000 annually in rent as reportable extra-judicial income.

[12]. Notwithstanding Respondent's income from his rental properties, Respondent admits that he did not report this income on his annual income reports required under Canon 6 of the Code of Judicial Conduct. Specifically, Respondent did not file a Canon 6 report with the Craven County Clerk of Superior Court for 2011, 2012, or 2013. The only Canon 6 report on file for Respondent in Craven County was from the 2010 calendar year and under the column for "name of source/activity," he stated "(NONE)."

[13]. After receiving notification of the Commission's investigation into this matter, Respondent filed an "Amended" Canon 6 report on 3 November 2014, listing his two (2) rental properties (described herein), but for the calendar year for which the "Amended" report was filed, he indicated "2010 – 2014."

[14]. Respondent's failure to file the required Canon 6 reports was the result of his own negligence, but it was not an attempt to willfully conceal his extra-judicial income and neither the Respondent nor any party appearing before him benefitted from his failure to file the required reports.

[15]. In addition to the obligation to file an annual gift and income report under Canon 6, District Court judges are "covered persons" under the State Government Ethics Act, which requires all covered persons to annually file a Statement of Economic Interest (SEI form). SEI forms must be filed with the State Ethics Commission each year.

[16]. Respondent reported his rental income from the New Bern home and the Havelock home as required on his SEI forms from 2007 until 2010. However, Respondent failed to report the rental income on his 2011 SEI form. On his 2011 SEI form, Respondent affirmed "the information

provided in this Statement of Economic Interest and any attachments hereto are true, complete, and accurate to the best of my knowledge and belief."

[17]. Respondent's failure to report his rental income on his SEI forms continued in 2012, 2013, and 2014, when Respondent filed No-Change SEI forms with the State Ethics Commission. These SEI forms declared that he had no changes from his 2011 SEI form to report, and thus he failed to report the income for these successive years. On each of his 2012, 2013, and 2014 SEI No-Change Forms, Respondent confirmed he had reviewed the previous year's SEI form and affirmed "my responses continue to be true, correct, and complete to the best of my knowledge and belief."

[18]. All SEI forms signed and filed by Respondent specifically instructed covered persons to list all sources of income of more than $5,000, including "rental income."

[19]. Respondent's failure to properly report his rental income to the State Ethics Commission was not a willful or intentional attempt to conceal sources of income, nor did Respondent or any party appearing before him benefit in any way from his failure to report the income. However, Respondent's affirmation, acknowledgment, and previous reporting of extra-judicial income on SEI reports from 2007-2010, show Respondent should have known to report this income.

(Citations omitted.) Based upon these findings of fact, the Commission concluded as matters of law that:

### A. Failure to Report Rental Income on Canon 6 Reports, 2010-2013

1. Canon 6 of the North Carolina Code of Judicial Conduct requires judges to "report the name and nature of any source or activity from which the judge received more

than $2,000 income during the calendar year for which the report is filed." N.C. Code of Judicial Conduct, Canon 6C.

2.      Canon 6 further requires District Court judges to file such reports with the Clerk of Superior Court in the county in which the District Court judge resides by 15 May of the year following the year in which the income was received. N.C. Code of Judicial Conduct, Canon 6C.

3.      Canon 6 serves the important purpose of ensuring transparency in a judge's financial and remunerative activities outside of the judicial office to ascertain potential conflicts of interest, avoid corruption and maintain public confidence in the impartiality, integrity and independence of the state's judiciary.

4.      Where a judge acts as a landlord and personally rents real property and directly receives gross rental income exceeding $2000 in a calendar year, such activity must be reported on the annual Canon 6 report.

5.      By repeatedly failing to report the rental income on his Canon 6 reports filed from 2010-2013, Respondent violated Canon 6 of the Code of Judicial Conduct.

6.      By repeatedly failing to report the rental income on his Canon 6 reports filed from 2010-2013, Respondent failed to personally observe appropriate standards of conduct to ensure that the integrity and independence of the judiciary is preserved, in violation of Canon 1 of the North Carolina Code of Judicial Conduct and failed to comply with the law and to conduct himself in a manner that promotes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A of the North Carolina Code of Judicial Conduct.

7.      Respondent's failure to properly file annual Canon 6 financial disclosures was the result of his own negligence, and was not an attempt to willfully conceal his extra-judicial income. Although Respondent's failure to report did not benefit him in any way, the continuing and

recurring nature of this negligence year after year, distinguishable from an isolated incident or single occurrence, aggravates this misconduct to a level warranting more than a private letter of caution.

8.      Respondent's violations of Canons 1, 2A and 6 of the Code of Judicial Conduct also amount to conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of N.C. Gen. Stat. [§ 7A-] 376(b).

**B.      Failure to Disclose Rental Income on Statement of Economic Interest, 2011-2014**

9.      The State Government Ethics Act requires all covered persons to annually file a Statement of Economic Interest (SEI form).  As a judicial officer and judge of the General Court of Justice, Respondent is a "covered person" under the State Government Ethics Act.  N.C. Gen. Stat. § 138A-3(10) & (19).

10.      Among other things, covered persons are required to report the source of income of more than $5000 received by the covered person, his/her spouse, or members of his/her immediate family during the filing year.  The State Ethics Commission has interpreted "income" to mean the covered person's gross income, not net income.

11.      Pursuant to the State Government Ethics Act, income includes "salary, wages, professional fees, honoraria, interest, dividends, rental income, and business income from any source other than capital gains, federal government retirement, military retirement, or social security income."  (citing N.C. Gen. Stat. § 138A-24(a)(3)). The SEI form provided by the State Ethics Commission also includes similar language.

12.      By his failure to file SEI forms that accurately disclosed his extra-judicial income for the years of 2011-2014, Respondent failed to observe appropriate standards of conduct to ensure that the integrity and independence of

the judiciary shall be preserved, in violation of Canon 1 of the Code of Judicial Conduct.

13. By his failure to file SEI forms that accurately disclosed his extra-judicial income for the years of 2011-2014, Respondent failed to respect and comply with the law and conduct himself in a manner that promotes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A of the Code of Judicial Conduct.

14. Respondent's failure to properly file SEI forms that accurately disclosed his extra-judicial income for the years of 2011[ ]to 2014 was the result of his own negligence, and was not an attempt to willfully conceal his extra-judicial income or benefit any party appearing before him. Though not the result of ill motive, Respondent knew or should have known to accurately include his extra-judicial income in these reports and that his failure to do so could be considered a violation of the State Government Ethics Act, which Respondent acknowledged by his signature on the SEI forms signed each year. The potential statutory violations associated with this action aggravates this misconduct to a level warranting more than a private letter of caution. The Commission further concludes, as with Respondent's failure to properly file Canon 6 financial disclosures, that the continuing and recurring nature of Respondent's admitted negligence year after year with respect to his SEI forms, as distinguished from an isolated incident or single occurrence, aggravates this misconduct to a level warranting more than a private letter of caution.

15. Based on the foregoing, Respondent's violations of Canons 1 and 2A of the Code of Judicial Conduct with respect to his failure to file accurate SEI forms from 2011 to 2014 amounts to conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of N.C.G.S. [§ 7A- ]376(b).

C. **Acceptance of Restitution in a Criminal Matter While Presiding Over Court Session**

-10-

16.    Canon 1 of the Code of Judicial Conduct sets forth the broad principle that "[a] judge should uphold the integrity and independence of the judiciary."  To do so, Canon 1 requires that a "judge should participate in establishing, maintaining, and enforcing, and should personally observe, appropriate standards of conduct to ensure that the integrity and independence of the judiciary shall be preserved."

17.    Canon 2 of the Code of Judicial Conduct generally mandates that "[a] judge should avoid impropriety in all the judge's activities."  Canon 2A specifies that "[a] judge should respect and comply with the law and should conduct himself/herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."  These principles embody the requirement that a judge should not use the prestige and benefits of the office to advance his own private and personal interests.

18.    The Commission accepts Respondent's contention, as set forth in the Stipulations, that for both the April and July 2014 criminal court sessions, the ADA assigned to prosecute the former tenant calendared the matter in Respondent's courtroom for the purpose of achieving restitution or other settlement of the matter.  The Commission further accepts that Respondent did not exercise undue judicial authority to have his criminal case against his former tenant heard in his court.  The Commission also accepts Respondent's contention, as set forth in the Stipulations, that the State's dismissal of the charge in exchange for payment of restitution was routine practice in Craven County.

19.    The touchstone of an inquiry under the Code of Judicial Conduct is not whether the conduct was motivated by malice or ill-intent, although that can be a relevant consideration, but whether the conduct in issue threatens to undermine public confidence in the independence, impartiality and integrity of the judiciary. As such, regardless of whether the restitution and dismissal practice in Craven County is routine in criminal cases, and

without taking a position on the propriety of such practice, and regardless of who calendared the matter on Respondent's criminal docket, sitting judges are not similarly situated with respect to resolving their personal legal matters as other criminal complainants or civil litigants.

20. In these circumstances, public confidence in the independence, impartiality and integrity of the judiciary depends on conduct, especially in the courtroom, that objectively and reasonably conveys a clear separation of the judge's private interests from his judicial duties. As the presiding judge in criminal district court on 25 April 2014 and 18 July 2014, it was incumbent upon Respondent to independently evaluate the propriety of his personal criminal matter being calendared before him as presiding judge, and further, to recognize the obvious conflict of interest and the potential for public concern as to his influence over the outcome of a matter in which he had a personal financial interest. As a criminal complainant, it was also incumbent upon Respondent to maintain a clear separation of his personal life from his judicial duties, including ensuring that his personal address rather than the Craven County Courthouse address was indicated as his address on the criminal summons, and settling and accepting cash restitution at a time when he was not also exercising his judicial duties as presiding judge.

21. The Commission notes that at the disciplinary recommendation hearing held on 11 May 2016, Respondent requested that the Commission reject and dismiss his stipulation that his conduct relating to the acceptance of restitution warranted discipline as set forth in the Stipulations. The Commission denies Respondent's request. In addition, as noted previously, Respondent indicated on the record that he has no objections to the facts contained in the Stipulations as they relate to this issue[, stating,] "I know I stipulated to all the facts, and I still stipulate that those are the facts[]." The facts relating to the restitution issue were also admitted in Respondent's Verified Answer.

22.     The Commission concludes, therefore, that based upon the clear, cogent and convincing evidence supporting its findings of fact on this issue, Respondent (1) failed to personally observe standards of conduct to ensure the integrity and independence of the judiciary is preserved, in violation of Canon 1 of the North Carolina Code of Judicial Conduct; and (2) failed to conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A of the North Carolina Code of Judicial Conduct.

23.     The Commission further concludes that the facts and circumstances relating to the restitution issue aggravate this misconduct to a level warranting more than a private letter of caution.  Accordingly, Respondent's violations of Canon 1 and Canon 2A of the Code of Judicial Conduct also amount to conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of N.C. Gen. Stat. § N.C.G.S. § 7A-31[-]376(b).

(Citations omitted.)   Based upon these findings of fact and conclusions of law, the Commission recommended that this Court "issue a public reprimand to Respondent" for "failing to report rental income on Canon 6 gift and income reports from 2010 to 2013," "failing to report rental income as required on annual Statements of Economic Interest filed with the State Ethics Commission from 2011 to 2014," and "settling and accepting cash restitution in a criminal matter initiated by Respondent while presiding over the court session in which the criminal matter was docketed," with this recommendation resting upon the Commission's earlier findings and conclusions and the following additional dispositional determinations:

1. Respondent has been fully cooperative with the Commission's investigation, voluntarily providing information about the underlying matter.

2. Respondent agreed to enter into the Stipulations to bring closure to this matter and because of his concern for protecting the integrity of the court system.

3. With respect to filing accurate Canon 6 and SEI reports, Respondent agreed to accept a recommendation of public reprimand from the Commission and acknowledges that the conduct set out in the Stipulations establishes by clear and convincing evidence that this conduct is in violation of the North Carolina Code of Judicial Conduct and is prejudicial to the administration of justice that brings the judicial office into disrepute in violation of G.S. § 7A-376([b]).

4. Respondent has an exemplary record of public service having served honorably with the United States Army where he was awarded the Army Commendation Medal for service above and beyond the call of duty. Respondent also worked for the United States Navy as a civilian and served as a law enforcement office for over 5 years in North Carolina before beginning a career in law.

5. Respondent is also strongly dedicated to his community, volunteering his time with numerous organizations. Respondent has served as a volunteer fire fighter and EMT, President of the Judicial District 3B Bar Association, and trustee on the Board of Trustees for Craven Community College. Respondent was a Havelock Rotary Club member, has been a Master Mason in the Cherry Point Masonic Lodge for over 30 years and is a member of the Ancient and Accepted Scottish Rite.

6. Respondent has already taken remedial measures by filing an amended Canon 6 disclosure form and is taking similar steps to supplement his SEI forms from 2011-2014. Respondent now understands the necessity of reporting his extra-judicial income and will comply each year as set forth

in Canon 6 of the Code of Judicial Conduct and the State Government Ethics Act.

7.     Respondent also acknowledges the potential for conflicts of interest to arise in his role as a landlord.  If he were to encounter another incident which would require taking out criminal charges against a current or former tenant, Respondent understands and agrees that the matter must be kept separate from any of his judicial duties and he must make reasonable efforts to ensure his role and schedule as a judge will not conflict with any criminal action where he is the prosecuting witness. Respondent has already shown initiative to comply with the Code by recusing himself when the former tenant obtained a new unrelated criminal charge which was scheduled before Respondent.  When Respondent realized the matter was on his calendar, he properly recused himself.

(Citations omitted.)

When reviewing a recommendation from the Commission, the Supreme Court "acts as a court of original jurisdiction, rather than in its typical capacity as an appellate court."  *In re Hartsfield,* 365 N.C. 418, 428, 722 S.E.2d 496, 503 (2012) (order) (quoting *In re Badgett*, 362 N.C. 202, 207, 657 S.E.2d 346, 349 (2008) (order)). We have discretion to "adopt the Commission's findings of fact if they are supported by clear and convincing evidence, or [we] may make [our] own findings." *Id*. at 428, 722 S.E.2d at 503 (alterations in original) (quoting *In re Badgett*, 362 N.C. at 206, 657 S.E.2d at 349).  The scope of our review is to "first determine if the Commission's findings of fact are adequately supported by clear and convincing evidence, and in

turn, whether those findings support its conclusions of law." *Id.* at 429, 722 S.E.2d at 503 (quoting *In re Badgett*, 362 N.C. at 207, 657 S.E.2d at 349).

After careful review, this Court concludes that the Commission's findings of fact, including the dispositional determinations set out above, are supported by clear, cogent, and convincing evidence in the record. In addition, we conclude that the Commission's findings of fact support its conclusions of law. As a result, we accept the Commission's findings and conclusions and adopt them as our own. Based upon those findings and conclusions and the recommendation of the Commission, we conclude and adjudge that Respondent should be publicly reprimanded.

Therefore, pursuant to N.C.G.S. §§ 7A-376(b) and -377(a5), it is ordered that Respondent Peter Mack, Jr. be PUBLICLY REPRIMANDED for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b) and that violates Canons 1, 2A, and 6C of the North Carolina Code of Judicial Conduct.

By order of the Court in Conference, this the 20th day of December, 2016.

s/Ervin, J.
For the Court

WITNESS my hand and the seal of the Supreme Court of North Carolina, this the 21st day of December, 2016.

Clerk of the Supreme Court

s/M.C. Hackney
Assistant Clerk

-16-