IN THE SUPREME COURT OF NORTH CAROLINA

No. 425A17

Filed 6 April 2018

IN RE: INQUIRY CONCERNING A DEPUTY COMMISSIONER, NO. 15-057
WILLIAM HENRY SHIPLEY, Respondent

This matter is before the Court pursuant to N.C.G.S. §§ 7A-376 and -377 upon a recommendation by the Judicial Standards Commission entered 29 November 2017 that Respondent William Henry Shipley, a Deputy Commissioner of the North Carolina Industrial Commission, be publicly reprimanded for conduct in violation of Canons 1 and 2A of the North Carolina Code of Judicial Conduct and for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376.[1] This matter was calendared for argument in the Supreme Court on 10 January 2018 but determined on the record without briefs or oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure and Rule 3(c) of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission.

*No counsel for Judicial Standards Commission or Respondent.*

---

[1] Pursuant to N.C.G.S. § 97-78.1, "[t]he Code of Judicial Conduct for judges of the General Court of Justice and the procedure for discipline of judges in Article 30 of Chapter 7A of the General Statutes shall apply to commissioners and deputy commissioners" of the North Carolina Industrial Commission. N.C.G.S. § 97-78.1 (2017).

IN RE: W.H.S.

*Order of the Court*

ORDER

The issue before this Court is whether Deputy Commissioner William Henry Shipley (Respondent) should be publicly reprimanded for violations of Canons 1 and 2A of the North Carolina Code of Judicial Conduct amounting to conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b). Respondent has not challenged the findings of fact made by the Judicial Standards Commission (the Commission) or opposed the Commission's recommendation that he be publicly reprimanded by this Court.

On 10 February 2017, the Commission Counsel filed a Statement of Charges against Respondent alleging that he had "engaged in conduct inappropriate to his office when, on April 2, 2015, Respondent wrecked his vehicle while driving under the influence of an impairing substance, putting at risk his own life and the lives of others." According to the allegations in the Statement of Charges, on that night Respondent's vehicle struck another moving vehicle after Respondent failed to yield the right of way when attempting to turn left. Neither Respondent nor the other driver appeared injured; both declined EMS attention. The Statement of Charges further stated that Respondent registered a blood alcohol level of .08 when tested at the local detention center. He was charged with driving while impaired and failing to yield, charges which were later dismissed. Respondent voluntarily reported these charges to the Commission and fully cooperated with the Commission's inquiry into this matter. In the Statement of Charges, the Commission Counsel asserted that

Respondent's actions on 2 April 2015 "constitute[d] conduct prejudicial to the administration of justice that brings the judicial office into disrepute, or otherwise constitutes grounds for disciplinary proceedings pursuant to Chapter 7A, Article 30 and Chapter 97, Article 1 of the General Statutes of North Carolina."

On 24 March 2017, Respondent filed an answer in which he admitted in part and denied in part the allegations in the Statement of Charges. Specifically, he denied that he had failed to yield the right of way when turning left and that his blood alcohol level had been .08. On 2 October 2017, Respondent and the Commission Counsel filed a number of joint evidentiary, factual, and disciplinary stipulations as permitted by Commission Rule 22 that tended to support a decision to publicly reprimand Respondent. On 13 October 2017, the Commission heard this matter.

On 29 November 2017, the Commission filed a Recommendation of Judicial Discipline, in which it made the following findings of fact:

> 1. Around 9:00 p.m. on 2 April 2015, Respondent was travelling northbound on U.S. Route 70 (Glenwood Avenue), a public street/highway in Raleigh, North Carolina. As Respondent reached the area of Glenwood Avenue north of downtown Raleigh known as Five Points, he attempted a left-hand turn onto Fairview Road. While engaged in the turn, another vehicle travelling on Glenwood Avenue collided with Respondent's vehicle.
>
> 2. Shortly after the vehicle collision occurred, Deputy Sheriff Josh Legan of the Wake County Sheriff's [Office] arrived at the scene. After Respondent voluntarily submitted to several standardized field sobriety tests, Deputy Legan formed the opinion that Respondent had

consumed a sufficient quantity of alcohol so that his mental and physical faculties were appreciably impaired.

3.      At the local detention center, Respondent submitted to two (2) Intoximeter Intox EC/IR II tests. Respondent's alcohol concentration was reported as .08 grams of alcohol per 210 liters of breath. Deputy Legan then cited Respondent for driving while impaired and failing to yield the right of way.

4.      On 7 April 2015, Respondent voluntarily reported the charges to the Commission and fully cooperated with the Commission's inquiry into this matter.

5.      Respondent's charges were set for trial in Wake County District Court on 8 September 2016. The prosecution failed to produce Deputy Legan as a witness, and Respondent's charges were dismissed by the Wake County District Attorney's Office after their motion to continue was denied by the presiding judge.

(Citations omitted.)  Based upon these findings of fact, the Commission concluded as

a matter of law that:

1.      Canon 1 of the Code of Judicial Conduct sets forth the broad principle that "[a] judge should uphold the integrity and independence of the judiciary." To do so, Canon 1 requires that a "judge should participate in establishing, maintaining, and enforcing, and should personally observe, appropriate standards of conduct to ensure that the integrity and independence of the judiciary shall be preserved."

2.      Canon 2 of the Code of Judicial Conduct generally mandates that "[a] judge should avoid impropriety in all the judge's activities." Canon 2A specifies that "[a] judge should respect and comply with the law and should conduct himself/herself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

-4-

3.     The Commission's findings of fact show that Respondent was involved in a vehicle accident on 2 April 2015, after which breath alcohol testing resulted in a report showing that Respondent's alcohol concentration was .08 grams of alcohol per 210 liters of breath. As a result, Respondent was cited for driving under the influence of an impairing substance and failing to yield the right of way in connection with that accident, although the criminal case was ultimately dismissed for procedural reasons.

4.     The Commission concludes that by driving under the influence of an impairing substance and thereafter becoming involved in a vehicle accident, Respondent put his own life and the lives of others at risk, and thus failed to personally observe appropriate standards of conduct necessary to preserve the integrity of the judiciary in violation of Canon 1 of the North Carolina Code of Judicial Conduct and failed to comply with the law and conduct himself in a manner that promotes public confidence in the integrity of the judiciary in violation of Canon 2A of the North Carolina Code of Judicial Conduct.

5.     Upon the agreement of Respondent and the Commission's independent review of the Stipulation and the record, the Commission further concludes that Respondent's violations of Canon 1 and Canon 2A of the Code of Judicial Conduct amount to conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of N.C. Gen. Stat. § 7A- 376(b).

(Brackets in original and citations omitted.)  Based upon these findings of fact and

conclusions of law, the Commission recommended that this Court publicly reprimand

Respondent for "driving under the influence of an impairing substance and thereafter

becoming involved in a vehicle accident."    The Commission based this

recommendation on the Commission's earlier findings and conclusions and the following additional dispositional determinations:

1. Respondent agreed to enter into the Stipulation and Agreement for Stated Disposition to bring closure to this matter and because of his concern for protecting the integrity of the judiciary and the Industrial Commission.

2. Respondent has a good reputation in his community.

3. Respondent voluntarily completed an alcohol education program.

4. The actions identified by the Commission as misconduct by Respondent appear to be isolated and do not form any sort of recurring pattern of misconduct.

5. Respondent self-reported the incident of 2 April 2015 to the Commission and has been fully cooperative with the Commission's investigation, voluntarily providing information about the incident.

6. Respondent's record of service to the Industrial Commission, the profession, and the community at large is otherwise exemplary.

7. Respondent agrees to accept a recommendation from the Commission that the North Carolina Supreme Court publicly reprimand him for his conduct and acknowledges that the conduct set out in the Stipulation establishes by clear and convincing evidence that his conduct is in violation of the North Carolina Code of Judicial Conduct and is prejudicial to the administration of justice that brings the judicial office into disrepute in violation of North Carolina General Statute § 7A-376(b).

8. Pursuant to N.C. Gen. Stat. § 7A-377(a5), which requires that at least five members of the

> Commission concur in a recommendation of public discipline to the Supreme Court, all six Commission members present at the hearing of this matter concur in this recommendation to **publicly reprimand** Respondent.

(Citations omitted.)

When reviewing a recommendation from the Commission in a judicial discipline proceeding, "the Supreme Court 'acts as a court of original jurisdiction, rather than in its typical capacity as an appellate court.' " *In re Mack*, 369 N.C. 236, 249, 794 S.E.2d 266, 273 (2016) (order) (quoting *In re Hartsfield*, 365 N.C. 418, 428, 722 S.E.2d 496, 503 (2012) (order)). In conducting an independent evaluation of the evidence, "[w]e have discretion to 'adopt the Commission's findings of fact if they are supported by clear and convincing evidence, or [we] may make [our] own findings.' " *Id*. at 249, 794 S.E.2d at 273 (quoting *In re Hartsfield*, 365 N.C. at 428, 722 S.E.2d at 503 (second and third sets of brackets in original)). "The scope of our review is to 'first determine if the Commission's findings of fact are adequately supported by clear and convincing evidence, and in turn, whether those findings support its conclusions of law.' " *Id*. at 249, 794 S.E.2d at 274 (quoting *In re Hartsfield*, 365 N.C. at 429, 722 S.E.2d at 503).

After careful review, this Court concludes that the Commission's findings of fact, including the dispositional determinations set out above, are supported by clear, cogent, and convincing evidence in the record. In addition, we conclude that the Commission's findings of fact support its conclusions of law. As a result, we accept

the Commission's findings and conclusions and adopt them as our own. Based upon those findings and conclusions and the recommendation of the Commission, we conclude and adjudge that Respondent should be publicly reprimanded.

Therefore, pursuant to N.C.G.S. §§ 7A-376(b) and -377(a5), it is ordered that Respondent William Henry Shipley be PUBLICLY REPRIMANDED for violations of Canons 1 and 2A of the North Carolina Code of Judicial Conduct amounting to conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b).

By order of the Court in Conference, this the 6th day of April, 2018.

s/Morgan, J.
For the Court

WITNESS my hand and the seal of the Supreme Court of North Carolina, this the 6th day of April, 2018.

Amy Funderburk
Clerk of the Supreme Court

s/M.C. Hackney
Assistant Clerk